UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DUSAN DRAGISICH,

        Plaintiff,

v.                                                    Case No. 23-cv-731-pp

WEST ALLIS MEMORIAL HOSPITAL, *et al.*,

        Defendants.

**ORDER SCRENING AMENDED COMPLAINT (DKT. NO. 13) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

      On June 7, 2023, plaintiff Dusan Dragisich, who currently is confined at Oakhill Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendants violated his constitutional rights. Dkt. No. 1. On July 26, 2023, Magistrate Judge Stephen C. Dries screened the complaint and found that it failed to state a claim upon which a federal court could grant relief. Dkt. No.11. Specifically, Judge Dries determined that the plaintiff had failed to name any defendants that could be sued under §1983; that the complaint violated Federal Rule of Civil Procedure 8(a) by failing to provide a short plain statement of the claim; and that the complaint likely violated Fed. R. Civ. P. 18 and 20 because it brought unrelated claims against different defendants in the same case. The court gave the plaintiff an opportunity to amend his complaint to correct those deficiencies.

1

The plaintiff filed an amended complaint. Dkt. No. 13. This order screens the amended complaint. Because the defendants have not yet been served with the amended complaint and have not had the opportunity to decide whether they are willing to consent to a magistrate judge deciding the case, the case was randomly reassigned to U.S. District Court Judge Pepper for the limited purpose of screening the complaint.

I.  **Screening the Complaint**

    A.  Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  Analysis

The amended complaint does not correct the deficiencies of the original complaint. In trying to correct his failure to name any defendants that could be sued under §1983, the plaintiff's amended complaint simply lists "John and Jane Doe employees" from all but one of the institutional defendants (West Allis Memorial Hospital, the Milwaukee Secure Detention Facility, Armor Correctional Healthcare, the Milwaukee County House of Correction, the Wisconsin Department of Community Corrections, the Racine County Jail, Dodge Correctional Institution and Fox Lake Correctional Institution). Dkt. No. 13 at 4. The only defendants identified by name are West Allis Police Officers Michael Lazaris and Matthew Jacobsen. Id. at 1, 3-4.

3

Case 2:23-cv-00731-PP   Filed 09/06/23   Page 3 of 6   Document 15

The amended complaint makes no allegations of wrongdoing against Lazaris and Jacobsen; it alleges only that they transported the plaintiff to West Allis Memorial Hospital after he hit his head on a police car divider. Id. at 5, 10. Institutional defendants such as jails, police departments and correctional institutions are not suable entities under §1983, as Judge Dries explained in his original screening order. Dkt. No. 11 at 4. The amended complaint does not explain what the John/Jane Doe defendants did to violate the plaintiff's rights. The plaintiff states only that the institutions—the Secure Detention Facility, or the House of Corrections, or the jails—denied him appropriate treatment.

As did the original complaint, the amended complaint still spans several years (the plaintiff says his allegations cover six years of delays and denials of treatment, dkt. no. 13 at 8) and discusses actions that took place at at least five correctional institutions involving many different instances of alleged deliberate indifference to the plaintiff's various medical needs by staff at different institutions. The amended complaint, like the original complaint, violates Rules 18 and 20 by bringing different claims against different defendants in the same case. The court's order screening the original complaint explained the requirements of Rules 18 and 20, and advised the plaintiff that if he amended his complaint, the plaintiff must "only include related defendants and claims." Id. at 6-7. Although all the plaintiff's claims relate to alleged denials of medical treatment, the *defendants* are not related. Whatever the staff at the Milwaukee Secure Detention Facility did, they did not do it with the staff at Racine County Jail, or Fox Lake Correctional Institution.

4

Like the original complaint, the amended complaint is long and wordy, making it difficult to identify any claims from the unnecessary details. Judge Dries advised the plaintiff to "limit his allegations to short, plain statements and omit any unnecessary detail." Dkt. No. 11 at 6-7. The plaintiff did not follow that advice in drafting the amended complaint.

Like the original complaint, the amended complaint fails to state a claim for which a federal court may grant relief against any suable defendant. Because the plaintiff is representing himself, the court may construe his pleadings with lenience. But Judge Dries gave the plaintiff the opportunity to amend the complaint and instructions on how to do so, and the plaintiff did not follow Judge Dries's instructions. The court will dismiss the amended complaint, and the case.

## II. Conclusion

**THE COURT ORDERS** that that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a

5

party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Fed. R. Civ. P. 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Fed. R. Civ. P. 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 6th day of September, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**