UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DUSAN DRAGISICH,

           Plaintiff,

v.                                                       Case No. 23-cv-731-pp

WEST ALLIS MEMORIAL HOSPITAL, *et al.*,

           Defendants.

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 17)**

_____

        On June 7, 2023, plaintiff Dusan Dragisich, who is confined at Oakhill Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. Dkt. No. 1. On July 26, 2023, Magistrate Judge Stephen C. Dries screened the complaint and found that it failed to state a claim upon which a federal court could grant relief. Dkt. No. 11. Specifically, Judge Dries determined that the plaintiff had failed to name any defendants who could be sued under §1983; that the complaint violated Federal Rule of Civil Procedure 8(a) because it did not provide a short plain statement of the claim; and that the complaint likely violated Fed. R. Civ. P. 18 and 20 because it brought unrelated claims against different defendants in the same case. The court gave the plaintiff an opportunity to correct these deficiencies.

        On August 9, 2023, the plaintiff filed an amended complaint. Dkt. No. 13. Because the defendants had not yet been served (which doesn't happen

until after the court screens the complaint and allows claims to proceed), the defendants had not had the opportunity to decide whether to agree to a magistrate judge deciding the case, so the case was reassigned to Article III Judge Pepper. On September 6, 2023, the court screened the amended complaint and found that the plaintiff had failed to correct the deficiencies; the amended complaint still did not include a short plain statement of the facts required under Rule 8 and still violated Rules 18 and 20. Dkt. No. 15. The court dismissed the case.

On September 13, 2023, the court received from the plaintiff a motion for relief from judgment. Dkt. No. 17. In the motion, the plaintiff states that he would like one more chance to file an amended complaint because he made a "huge mistake." Id. at 1. The plaintiff asserts that he was not getting his medication, but "they" would not order a prescription for him unless he was in school or on work release (and he is not in school or on work release). Id. He says that because he is not getting his ADHD medication, he needs help, and indicates that he wrote to the court about the issue in his initial complaint. Id. The plaintiff add, "Pro bono attorney! I need another chance[.]" Id.

In support of his motion, the plaintiff cites Fed. R. Civ. P. 60(b)(1). That rule allows a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud.. . ., misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

2

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Among other things, Rule 60(b)(1) allows a court to remedy its own mistakes. <u>Mendez v. Republic Bank</u>, 725 F.3d 651, 660 (7th Cir. 2013). But the plaintiff has not identified any mistake that the *court* made in dismissing the amended complaint, so Rule 60(b)(1) does not apply. Nor has the plaintiff demonstrated excusable neglect. The plaintiff appears to blame his failure to follow the court's instructions on his lack of ADHD medication, but he could have filed a motion asking the court to give him more time to file the amended complaint. He did not do so. The plaintiff is a seasoned litigator; since September of 2020, he has filed six cases in the Eastern District of Wisconsin, and is familiar with the process of filing a motion for extension of time. Because the plaintiff did not file a timely motion asking the court for more time by which to file the amended complaint and has not explained why he did not do so, the court will deny his motion.

**THE COURT ORDERS** that the plaintiff's motion for relief from judgment is **DENIED**. Dkt. No. 17.

Dated in Milwaukee, Wisconsin this 10th day of October, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**

3

Case 2:23-cv-00731-PP   Filed 10/10/23   Page 3 of 3   Document 24