UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DUSAN DRAGISICH,

    Plaintiff,

 v.             Case No. 23-cv-731-pp

WEST ALLIS MEMORIAL HOSPITAL, *et al.*,

    Defendants.

---

### ORDER GRANTING PLAINTIFF'S MOTION TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 22)

---

  On September 6, 2023, the court issued an order dismissing this case for failure to state a claim. Dkt. No. 15. The plaintiff filed a notice of appeal on September 13, 2023. Dkt. No. 17. On October 5, 2023, the court received from the plaintiff a motion for leave to appeal without prepaying the filing fee. Dkt. No. 22.

  Under the Prison Litigation Reform Act, an incarcerated person must pay the applicable filing fee in full for an appeal. 28 U.S.C. §1915(b). If the incarcerated plaintiff does not have the money to pay the $505 filing fee in advance for an appeal, he can request leave to proceed without prepaying that fee; he must complete and file with the court a petition and affidavit, along with a certified copy of his trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2). The court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison

1

account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1).

After the initial fee is paid, the plaintiff must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. §1915(b)(2). The agency that has custody of the plaintiff will collect the money and send payments to the court.

There are three grounds for denying an incarcerated appellant's request to proceed without prepaying the filing fee: the incarcerated person has not established indigence, the appeal is in bad faith or the incarcerated person has incurred three strikes. See 28 U.S.C. §§ 1915(a)(2)-(3), (g). The court finds that the plaintiff has established that he is indigent and that he has not accrued three strikes. That leaves only the question of whether he filed this appeal in good faith.

A party who has been granted leave to proceed without prepaying the filing fee in the district court may proceed without prepaying the filing fee on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed without prepaying the fee. Federal Rule of Appellate Procedure 24(a). See also, Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999) (". . . a plaintiff who . . . was allowed to proceed *in forma pauperis* in the

district court retains his IFP status in the court of appeals unless there is a certification of bad faith.").

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). The court sees no indication that the plaintiff's appeal is not taken in good faith.

Along with his request to proceed without prepaying the filing fee, the plaintiff filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that the plaintiff must pay an initial partial filing fee of $56.97, as well as additional payments under 28 U.S.C. §1915(b)(2). Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

3

**THE COURT ORDERS** that the plaintiff's motion for leave to proceed on appeal without prepaying the filing fee is **GRANTED**. Dkt. No. 22.

The court **ORDERS** that by the end of the day on **November 10, 2023,** the plaintiff must forward to the Clerk of Court the sum of $56.97 as the initial partial filing fee for his appeal. This means that the plaintiff must send the initial partial filing fee in time for the court to *receive it* by the end of the day on November 10, 2023. The plaintiff must clearly identify the payment by the case name and number assigned to this case. The plaintiff's failure to comply with this order may result in dismissal of the appeal.

The court **ORDERS** that after it has received the initial partial filing fee, the agency having custody of the plaintiff must collect from his institution trust account the **$448.03** balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments must be clearly identified by the case name and number assigned to this case. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution must forward a copy of this order along with plaintiff's remaining balance to the receiving institution.

The court will forward a copy of this order to the Warden at Oakhill Correctional Institution, where the plaintiff is confined; and a copy of this order

will be electronically provided to PLRA Attorney, United States Court of Appeal for the Seventh Circuit, through the court's electronic case filing system.

Dated in Milwaukee, Wisconsin this 10th day of October, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**